[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 10, 2006
THOMAS K. KAHN
CLERK

No. 05-16129
Non-Argument Calendar

D. C. Docket No. 04-20856-CV-AJ

COMPANIA NAVIERA HORAMAR,
a foreign corporation,

Plaintiff-Appellant,

versus

MARINE GEAR, INC.,
d.b.a. Haley Marine Gears, Inc.,
MARINE GEARS INTERNATIONAL, INC.,
d.b.a. Haley Marine Gears International, Inc.,

Defendants,

LANDSTAR SYSTEMS INC.,
a foreign corporation,

Defendant-Cross-
Defendant-Appellee,

LAN CHILE CARGO, S.A.,
a foreign corporation,

Defendant-Cross-
Claimant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(August 10, 200)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Compania Naviera Horamar ("Horamar") appeals the district court's order denying Horamar's motion for leave to amend its amended complaint to add a claim against appellee Lan Chile Cargo, S.A. ("Lan") and the district court's grant of Lan's motion for summary judgment.

We review a district court's order denying a motion for leave to amend the complaint under the abuse of discretion standard. *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns*, 376 F.3d 1065, 1077 (11th Cir. 2004). We review an order granting summary judgment *de novo*, applying the same legal standards that bound the district court and viewing all facts and reasonable inferences in the light most favorable to the non-moving party. *See Strickland v. Water Works and Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1203 (11th Cir. 2001). Summary judgment is appropriate when "there is no genuine issue of material fact

and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

After reviewing the record and reading the parties' briefs, we conclude that the district court did not abuse its discretion in denying Horamar's untimely motion for leave to amend its amended complaint. Horamar was aware, as early as May 21, 2004, that the Warsaw Convention governed and preempted its state law negligence claim against Lan. However, the record demonstrates that Horamar did not file its motion for leave to amend its amended complaint to add a claim under the Warsaw Convention against Lan until April 4, 2005, which was more than eight months past the pleadings amendment deadline of July 23, 2004, less than two months before the scheduled trial, and six months after Lan filed its motion for summary judgment, asserting, among other things, Warsaw Convention's preemption of Horamar's state law negligence claim. Consequently, we agree with Lan that Horamar failed to meet the "good cause" standard of Fed. R. Civ. P. 16(b), and the district court was not required to address the merits of Horamar's motion under the liberal standards of Fed. R. Civ. P. 15(a). *See Sosa v. Airprints Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Moreover, we affirm the district court's order granting Lan's motion for summary judgment for the reasons set forth in its well-reasoned order filed on October 4, 2005.

AFFIRMED.

3